SOUTHWESTERN TELEGRAPH & TELEPHONE COMPANY *v.* TARVIN.

Opinion delivered January 7, 1905.

1.  DAMAGES—BREACH OF CONTRACT NOT SUED UPON.—It can not be prej-
udicial error, if error at all, to allow a recovery on the contract
sued upon, where the evidence shows the damage to have been coinci-
dently caused by the breach of it and another contract of defendant
with plaintiff, not sued upon.  (Page 468.)

2.. CONTRACT—WAIVER.—A contract for the delivery of chattels at a
certain place may be waived by the parties.  (Page 469.)

Appeal from Hot Spring Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Affirmed.

*W. L. & W. J. Terry*, for appellant.  *J. M. Smith*, of counsel.

1.  A defendant can only be held liable for damages where
he is advised of a contemplated sale at the time of making the
principal contract.   57 Ark. 265; 48 *Id.* 509; 54 *Id.* 22; Suth.
on Dam. Vol. 3, § 2045, p. 2045, (2d Ed.).   The same rule is
applied as to a carrier to deliver. Suth. on Dam. (2d Ed.), § 666,
p. 1488.

2.  The rule as to damages resulting from loss of telephone
rents is said to be the rental value during the delay.   Suth. on
Dam. § 703, bot. p. 1588.

3.  A plaintiff can only recover on the evidence on the case,
the legitimate evidence.   If his evidence tends to prove another
and different state of facts he is not entitled to go to the jury,
although such state of facts may in themselves constitute a right
of recovery.   Thompson, Trials, § 2251 (*b*).

*Wood & Henderson*, for appellee.

1.   The only damages allowed were those resulting from loss of revenue by being deprived of the use of telephones after a reasonable time had elapsed from the date they were ordered, and the court properly admitted evidence showing the rents he would have received.

2.   The law is that when no time is fixed by a contract for its performance, it ·must be performed within a reasonable time. 24 Am. & Eng. Enc. Law, 1073, 2d Ed.; 2 Benj. Sales (6th Ed.), p. 891 and note; 35 S. W. 551.

3.   Mere inability to perform, arising from causes not contemplated by the contract and involving any inherent impossibility, will not excuse delay or nondelivery according to contract, 24 Am. & Eng. Enc. Law (2d Ed.), 1087; 32 Am. Dec. ₀518 and note on p. 520; 99 Va. 285; 102 Wisc. 235.

HILL, C. J.   Tarvin desired to install a telephone system at the town of New Lewisville, and entered into contract with the appellant telephone company to furnish him telephone instruments which might be needed for the operation of the plant.

This suit was for damages for failure to deliver the instruments within a reasonable time, and two elements of damage were claimed, one for loss of rentals on the instruments ·and the other for loss of  profits on sale of the plant.   The latter claim was eliminated by the trial court, and appellee does not cross appeal. The trial of the other issue resulted in a verdict for $225 for appellee, and the telephone company appeals.

The principal ground urged for reversal is that the suit was for breach of contract for failure to deliver telephones, and the evidence shows that, had the telephones been delivered, they would have been useless without switchboards, and *vice versa.* This fact was brought out on the cross examination of the appellee.   It appears that appellee applied to the telephone company for the equipment of the plant, ·and for some reason the different parts of the equipment were agreed to be furnished in separate contracts, and this suit is based on one of them.   If the telephone company had set up as an answer to this suit that there was no damage· resulting to appellee because of the failure of another contractor to have supplied him with a necessary part of his plant before. he could have commenced business, then the telephone company, on the proof of such allegation, might have escaped

with nominal damages.    But it did not set up such defense, and it could not, because that other contractor was itself, and such defense would have merely invited an amendment to the complaint alleging a breach of both contracts.    The switchboard contract was proved by the appellant, and, in answer to questions proving its terms, the appellee proved its breach also.    The instruments and switchboard were to be furnished together, and were, but both beyond what the jury found to be a reasonable time.    It cannot be prejudicial error, if error at all, to allow a recovery on the contract sued upon where the evidence shows the damage to have been coincidently caused by the breach of it and another contract of appellant, not sued upon.

The contract called for delivery of the instruments at Little Rock, not New Lewisville, but the correspondence and conduct of the parties showed this to have been waived, and an instruction on that subject limiting the delivery to Little Rock would have been error.    *White* v. *McCracken*, 60 Ark. 613.

Objection is made that one of the instructions referred to the duty of the telephone company to furnish the phones within a reasonable time after the execution of the contract, instead of a reasonable time after appellee ordered them.    This is made clear, however, by the general charge wherein the court told the jury that, in considering what was a reasonable time, they must consider the number of phones ordered and when ordered, and from all the facts and circumstances determine when they should have been delivered.

The court carefully limited the recovery to damages directly flowing from the contract sued upon, and the evidence is sufficient to sustain the verdict, in the opinion of the court.    Therefore the judgment is affirmed.